### JACOB G. BERDAN

*v.*

### THE TRUSTEES OF SCHOOL DISTRICT No. 38, IN THE COUNTY OF BERGEN.

1. When usury is set up as a defence, the burden of proof is upon the defendant, and he must clearly establish the facts necessary to sustain the defence by the decided preponderance of evidence. An usurious bargain must be proved, and not left to conjecture.

2. Usury will not be inferred when an opposite conclusion can be reasonably and fairly arrived at.

On final hearing.

*Mr. Abraham D. Campbell,* for the complainant.

*Mr. Joseph A. McCreery,* for the defendant.

THE CHANCELLOR.

The object of this suit is the foreclosure of a mortgage which bears date on the 20th day of February, 1873, and was given by the defendant to one Charles Baxter to secure the payment of

·$1,650, five years after its date, with interest at the rate of seven per cent., payable semi-annually.    The defence is usury.

The uncontroverted facts, disclosed by the proofs, are, that in ·the latter part of 1872 the defendant desired to borrow $1,500 for the purpose of building a school-house, and its trustees indi- ·vidually applied to one John V. S. Van Winkle to lend it that ·sum, which Van Winkle agreed to do.    He was to hold the money loaned and pay it as the building progressed.    He actually kept $1,500 in readiness to meet the demands that were to be made upon him, and did pay, upon the orders of the trustees, the whole of that sum.    The mortgage was made to Charles Baxter, who, at the time of its execution, was not a school trustee, but a ·citizen of the township, much interested in the school matters. Subsequently, in the spring of 1873, he became the defendant's ·clerk.    On the 19th of August, 1873, he assigned the mortgage ·to Van Winkle, and, in September, 1884, Van Winkle assigned it to the complainant.    It clearly appears that the defendant did not receive more than $1,500 for the mortgage, and also that it paid interest on $1,650 from February 20th, 1873, till February 20th, A. D. 1885.

Upon the part of the defendant, it is claimed that Van Winkle and Baxter entered into a corrupt agreement with the individual trustees of the school district, that $1,500 should be loaned by Van Winkle and that the mortgage should be made for $150 more than that sum as a bonus for the loan, and that the mort- gage was made to Baxter, by Van Winkle's order, as a cover to the usurious transaction.    This contention is supported by the· testimony of Louis Koch, who, at the time of the loan, was one of the trustees, and who claims to have entered into the unlawful bargain in behalf of the defendant, and also by the testimony of ·others, who speak from a vague general recollection, mainly of that which Koch told them.    Baxter is dead.    Van Winkle, ·upon the other hand, in most positive terms, denies that there was any corrupt agreement, and testifies that he paid for the ·defendant the entire principal sum secured by the mortgage.    He states that $1,500 were paid as the building was in process of ·completion, and that after it was finished, in August, 1873, the

mortgage was delivered to him together with an assignment of it by said Baxter, and that then he, for the first time, discovered that the mortgage had been made to Baxter and for $1,650, instead of to himself for $1,500. He says, that when the delivery of the mortgage was made, Baxter asked for the remaining $150, and that he then paid it to Baxter, by deducting from it $52.50 to pay six months' interest on the $1,500 already advanced, and then handing Baxter $97.50 in cash. He says that Baxter was then the defendant's clerk, and represented to him that the $97.50 was to be used in the purchase of school furniture. His evidence, however, fails to show, either that Baxter was authorized to receive the money, or that the payment was made upon an order of the trustees, as the other payments had been made. At the same time, it satisfactorily appears that the defendant never received the $97.50.

It further appears, that on the 18th of February, 1874, the defendant paid Van Winkle a full year's interest upon $1,650, and that at that payment he failed to call attention to the fact that he had already been paid $52.50 on account of the very interest then paid to him. The evidence raises, in my mind, a strong suspicion that Van Winkle entered into a corrupt, usurious agreement with the defendant, but it is not sufficiently convincing to overcome Van Winkle's positive oath to the contrary. In *Brolasky* v. *Miller, 4 Hal. Ch. 790*, Mr. Justice Potts said: "Usury must be strictly proved. It is not sufficient for the party who sets it up to make out a probable case. We cannot undertake to guess away men's rights upon vague or doubtful testimony."

The burden of proof is upon the parties setting up usury. The facts necessary to constitute it must be clearly established, beyond reasonable doubt, by the decided preponderance of evidence. It is not enough that the circumstances proved render it highly probable that there was a corrupt bargain; such a bargain must be proved, and not left to conjecture. *Brolasky* v. *Miller, 4 Hal. Ch. 789; New Jersey Patent Tanning Co. v. Turner, 1 McCart. 326; Barcalow v. Sanderson, 2 C. E. Gr. 460; Conover v. Van Mater, 3 C. E. Gr. 481; Morris v. Taylor, 7 C. E.*

*Gr. 438; S. C. on appeal, sub nom. Taylor* v. *Morris, 7 C. E. Gr. 609; Rowland* v. *Rowland, 13 Stew. Eq. 281.* Usury will not be inferred when the opposite conclusion can, reasonably and fairly, be arrived at. *Gillette* v. *Ballard, 10 C. E. Gr. 491; Homœopathic Mutual Life Ins. Co.* v. *Crane, 10 C. E. Gr. 418, 422.*

While I do not think that it is proved that Van Winkle entered into an usurious agreement, I am satisfied that the payment of $97.50 to Baxter was made without authority from the defendant, and that the defendant never received it, and, notwithstanding the fact that Van Winkle retained $52.50 for the purpose of applying it to the payment of the interest due to him, he did not so apply it. Fifteen hundred dollars was the entire amount that ever reached the defendant. What the ultimate disposition of the $97.50 paid to Baxter was, does not appear.

From the principal sum of $1,650 secured to be paid by mortgage, $150, with interest at seven per cent. from February 20th, 1873, to February 20th, 1885, must be deducted. This deduction will reduce the principal to be recovered to $1,374.

The decree in favor of the complainant will be for that sum, with interest at seven per cent. from February 20th, 1885, to the date of the decree, besides his costs to be taxed.